IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| PRIMERA ENERGY, LLC, | § | CHAPTER 11 CASE |
| DEBTOR | § | |
| | § | CASE NO. 15-51396-cag |
| | § | |

**MOTION OF FREDERICK PATEK, ET AL. TO APPOINT CHAPTER 11 TRUSTEE**

TO THE HONORABLE CRAIG A. GARGOTTA,
UNITED STATES BANKRUPTCY JUDGE:

NOW COME Frederick Patek, Geraldine Patek, Jim Gregory, Cal Curtner, Lisa Simpson, Jasper Campise, Karen Smith, William Crawford, Mike Covington, Marc Keese, Mike Mcpherson, Ed Mcpherson, Wesley Crow, Dieter Jansen, Quackenbush Petroleum, James Reiley, Betty Reiley, Rick Reiley, Greg Shilts, Jana Shilts, Vincent J. Gillette, Marjorie A. Gillette, Thomas J. Gillette, Edward A. Gillette, Sharon Walls And Buddy Walls and On Behalf of All Other Similarly Situated Investors Of Defendants' "Screaming Eagle", "Montague Legacy" And "Buda Well" Investments (collectively referred to as "**Investors**")**,** seeking the appointment of a Chapter 11 Trustee for Primera Energy, LLC (**"Primera"** or **"Debtor"**) and state:

I.   **JURISDICTION AND VENUE**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for relief is section 1104 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

## II. DOCUMENTARY SUPPORT FOR THIS MOTION

3. Attached herewith are the Plaintiffs' Verified First Amended Petition, Applications for Appointment of Receiver, Appointment of Auditor, Temporary Restraining Order, Temporary and Permanent Injunctions filed in *Frederick Patek, et al. v. Brian K. Alfaro, et al.*, Cause No. 2015-CI-06991 (288th Judicial District, District Court, Bexar County, Texas) [1] (the "**Verified Petition**"), and the transcript of the Bexar County District Court's June 2, 2015 ruling granting the application to appoint a receiver, the Affidavit of Michael Perkins, the FINRA Default Decision entered against Defendant Brian K. Alfaro, and the order of the Texas Securities Board dated March 25, 2011. Movants expect to provide exhibits and testimony at any hearing on this Motion.

## III. FACTUAL BACKGROUND

A. **The Bexar County Lawsuit**

4. As set forth in the Verified Petition the Investors invested in oil and gas investments related to the "Montague Legacy", "Screaming Eagle", and "Buda Well" projects operated by Primera Energy, LLC ("**Debtor**") and related individuals and/or entities, including Brian K. Alfaro, Alfaro Oil And Gas, LLC., and Alfaro Energy, LLC (together with Debtor, the "**Bexar County Defendants**"). A true and correct copy of the Verified Petition is attached hereto as **Exhibit A.**

5. Defendant Alfaro entered the securities industry in October 1999 and obtained Series 7, 39, and 63 licenses. Throughout 2011 and 2012, he was sanctioned by the Financial Industry Regulatory Authority ("**FINRA**") for fraud and misuse of company funds. He was eventually barred from FINRA membership and also barred from associating with any member firm for violations of the Securities Exchange Act of 1934, National Association of Securities

---

[1] That lawsuit shall be referred to as the "**Bexar County Suit**").

Dealer ("**NASD**") Rules, and FINRA rules, including: selling unregistered securities in violations of the federal Securities Act; making material misrepresentations in connection with the sale of securities; misusing customer funds; failing to accurately report; failed to supervise, establish, and maintain supervisory controls; and willfully failing to maintain books and records. A true and correct copy of FINRA's Default Decision is attached hereto as **Exhibit B.**

6. Additionally, on March 25, 2011, the Texas Securities Board found Defendant Alfaro and his associated entities (including Defendant Alfaro Oil & Gas) liable for fraud in the connection of sales of securities in oil and gas projects. A true and correct copy of the order of the Texas Securities Board is attached hereto as **Exhibit C.**

7. According to the allegations in the Verified Petition, the sanctions imposed on Alfaro by FINRA did not deter him from further misconduct. Following the same business practices, Alfaro and the other Bexar County Defendants solicited investments in three Eagle For and Barnett Shale projects known as the "Montague Legacy", "Screaming Eagle", and "Buda Well." Upon information and belief, the Investors invested more than $40 million in the Montague Legacy and Screaming Eagle projects. The Bexar County Defendants, including the Debtor, obtained those investments by fraudulent means, and then misused the client funds.

8. The Bexar County Suit alleges causes of action for (a) common law fraud, (b) fraud in a real estate transaction, (c) negligent misrepresentation, (d) violation of the Texas Deceptive Trade Practices Act, (e) breach of fiduciary duty, (f) violations of the Texas Securities Act, and (g) conversion. The Bexar County Suit seeks injunctive relief, including without limitation, the appointment of a receiver.

9. On June 2, 2015, the Bexar County District Court ordered the appointment of a Receiver. The Bexar County District Court also ordered the entry of a permanent injunction, to remain in place until the receiver was formally appointed, prohibiting the Bexar County Defendants from withdrawing any money from their bank accounts or making payments from those accounts. A true and correct copy of the transcript of the Bexar County District Court's oral ruling is attached hereto as **Exhibit D**.

10. On June 3, 2015, the Debtor filed the instant Bankruptcy Case, automatically staying the Bexar County Suit pursuant to section 362 of the Bankruptcy Court.

11. The Bankruptcy Petition was filed without schedules, but the Investors believe that the claims in the Bexar County Suit represent the primary obligation of the Debtor.

### IV. ARGUMENT AND AUTHORITIES

12. The Investors contend that the Debtor's current management is incapable of administering the Debtor's bankruptcy estate in accordance with the fiduciary duties of a debtor-in-possession, such that the appointment of a Chapter 11 Trustee is not only warranted, but imperative.

13. Section 1104 of the Bankruptcy Code provides that

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—
>
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
>
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate,

> without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

14. The Investors have met their burden of proof under both subsections of 1104(a).

**A. There Is Sufficient "Cause" To Appoint A Chapter 11 Trustee.**

15. There is ample showing that the Debtor's management has committed fraud and otherwise demonstrated a lack of honesty and trustworthiness in the conduct of the Debtor's business and/or related businesses. The Debtor's management and related entities has been sanctioned for fraud and other dishonest conduct by regulatory agencies and the State of Texas. As the Bexar County District Court noted in its oral ruling on June 2, 2015, there is serious doubt that the Debtor's current management can make reasonable business decisions. Thus, there is sufficient "cause" to appoint a Chapter 11 Trustee.

16. Additionally, in order to have a receiver appointed under section 64.001(b) of the Texas Civil Practice and Remedies Code, the moving party must have a probable interest in or right to the property or fund, and the property or fund must be in danger of being lost, removed, or materially injured. Pursuant to the Bexar County District Court's oral ruling ordering the appointment of a receiver, the Investors met that burden. The Investors respectfully suggest that the Bexar County District Court's determination that the property or fund (which is now part of the bankruptcy estate) was in danger of being, lost, removed, or materially injured establishes "cause" under 1104(a)(2) because it shows the fraud or dishonesty of the Debtor's current management.

17. If cause exists for the appointment of a Chapter 11 Trustee under subsection (a)(1), such appointment is mandatory. *See In re V. Savino Oil & Heating Co.,* 99 B.R. 518, 525 (Bankr. E.D.N.Y. 1989) (once the court has found that cause exists under section 1104(a)(1); there is no discretion; an independent trustee must be appointed).

### B. Appointing A Chapter 11 Trustee Is In The Best Interest Of The Creditors.

18. Section 1104(a)(2) provides for discretionary appointment of a Chapter 11 Trustee. *See In re Deena Packaging Industries, Inc.,* 29 B.R. 705, 706 (Bankr. S.D.N.Y. 1983) (appointing a trustee to protect the interests of creditors, entails equitable considerations through which the court may exercise its discretionary powers).

19. It is in the best interest of the creditors and the Debtor's estate to appoint a Chapter 11 Trustee. Given the history of the Debtor's current management, it is likely that the estate has substantial claims against the Debtor's current management and affiliated companies that are also owned, managed, or operated by the Debtor's current management. *See* Affidavit of Michael D. Perkins, CPA, CFP, a true and correct copy of which is attached hereto as **Exhibit E.** A Chapter 11 Trustee is far more likely to pursue those claims than the Debtor-in-possession. Thus, the second prong of section 1104(a)(2) is satisfied.

### C. Section 1104(a)(3) Also Provides Grounds For Appointing A Chapter 11 Trustee

20. Section 1104 (a)(3) provides:

> At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee-- . .(3) if grounds exist to convert or dismiss the case under section 1112 [11 USCS § 1112], but the court determines that the appointment of a trustee or an examiner is in the best interests of creditors and the estate.

21. Among the grounds for "cause" to convert or dismiss that could be used in this case as a basis for appointment of a Chapter 11 trustee is Gross mismanagement of the estate [11 U.S.C. § 1112(b)(4)(B)]. The facts set forth above and in the attached exhibits show that the Debtor's current management is not inclined or not capable of managing the Debtor's assets for the benefit of the creditors.

### D. The Investors Propose Mr. Lamont Jefferson As Chapter 11 Trustee

22. The Investors propose that Mr. Lamont Jefferson be appointed as Chapter 11 Trustee. Mr. Jefferson was appointed as the Receiver in the Bexar County Suit. *See* Order Appointing Receiver, a true and correct copy of which is attached hereto as **Exhibit F.**

23. Mr. Jefferson is a partner in the San Antonio office of Haynes & Boone and is well-known for his expertise in complex commercial litigation and oil and gas law. In 2014, he was named by Best Lawyers as a "2014 Lawyer of the Year" in Appellate Practice, Bet-the-Company Litigation, Commercial Litigation, and Litigation - Trusts and Estates. Thus, Mr. Jefferson's professional experience and acumen make him ideally suited to deal with the complex issues that are likely to arise in this case. Additionally, Haynes and Boone has the capacity to support a case of this magnitude.

24. The Investors contacted several other attorneys in San Antonio with experience and reputations similar to Mr. Jefferson's to assess whether they could be appointed as the state court receiver, but those attorneys or firms had irreconcilable conflicts.

25. Based on the Investors' knowledge of Mr. Jefferson and Haynes and Boone, as well as their investigation into alternatives, the Investors respectfully suggest to the Court and the United States Trustee that Mr. Jefferson is the best candidate to serve as Chapter 11 Trustee in this case.

WHEREFORE, PREMISES CONSIDERED, the Investors pray that this Court order the Appointment of Chapter 11 Trustee, and for such other relief as may be just and proper.

Dated: June 4, 2015.

RESPECTFULLY SUBMITTED,

LANGLEY & BANACK, INCORPORATED
Suite 900, Trinity Plaza II
745 East Mulberry
San Antonio, TX 78212-3166
Telephone: (210)-736-6600
Fax: (210) 735-6889

By: */s/ David S. Gragg*
DAVID S. GRAGG
Texas State Bar No. 08253300
NATALIE F. WILSON
Texas State Bar No. 24076779

ATTORNEYS FOR INVESTORS: Frederick Patek, Geraldine Patek, Jim Gregory, Cal Curtner, Lisa Simpson, Jasper Campise, Karen Smith, William Crawford, Mike Covington, Marc Keese, Mike Mcpherson, Ed Mcpherson, Wesley Crow, Dieter Jansen, Quackenbush Petroleum, James Reiley, Betty Reiley, Rick Reiley, Greg Shilts, Jana Shilts, Vincent J. Gillette, Marjorie A. Gillette, Thomas J. Gillette, Edward A. Gillette, Sharon Walls And Buddy Walls and On Behalf Of All Other Similarly Situated Investors Of Defendants' "Screaming Eagle", "Montague Legacy" And "Buda Well" Investments

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically transmitted to the Clerk of the Court using the ECF System for filing and transmitted electronically to all ECF participants registered to receive electronic notice in the bankruptcy proceeding and on the parties below and on the attached service list via U.S. regular mail, postage prepaid on this 4th day of June, 2015.

<u>Debtor</u>
Primera Energy, LLC
21022 Gathering Oak #2101
San Antonio, TX 78260

<u>Debtor's Attorney</u>
Dean W. Greer
2929 Mossrock, Suite 117
San Antonio, TX 78230

United States Trustee
P.O. Box 1539
San Antonio, TX 78295-1539

                */s/ David S. Gragg*
                David S. Gragg