

Texas State Securities Board

| IN THE MATTER OF | § |
|---|---|
| ALFARO OIL & GAS, LLC; | § |
| PINNACLE PARTNERS FINANCIAL | § |
| CORPORATION; AND | § |
| BRIAN KEITH ALFARO | § |

TO: Alfaro Oil & Gas, LLC
21022 Gathering Oak, Suite 2101
San Antonio, Texas 78260

Pinnacle Partners Financial Corporation (CRD No. 145523)
21022 Gathering Oak, Suite 2103
San Antonio, Texas 78260

Brian Keith Alfaro (CRD No. 4049120)
21022 Gathering Oak, Suite 2103
San Antonio, Texas 78260

WHEREAS, Alfaro Oil & Gas, LLC ("Respondent AOG") by and through its Manager, Brian Keith Alfaro; Pinnacle Partners Financial Corporation ("Respondent Pinnacle") by and through its president Brian Keith Alfaro; and Brian Keith Alfaro, individually ("Respondent Alfaro")[1] were the subjects of an investigation by the staff of the Texas State Securities Board (the "Staff"); and

WHEREAS, on September 24, 2010 the Deputy Securities Commissioner entered Emergency Cease and Desist Order No. 1C10-CDO-20 (the "Emergency Order"); and

WHEREAS, Respondents filed a request for a hearing to modify or set aside the Emergency Order (the "Hearing Request"); and

WHEREAS, the Respondents have cooperated with the Staff by responding to inquires and providing requested materials; and

---

[1] Respondent AOG, Respondent Pinnacle, and Respondent Alfaro are collectively referred to herein as "Respondents."

WHEREAS, Respondents desire to settle and resolve the pending administrative proceedings without Respondents admitting or denying the Findings of Fact five (5) through fifteen (15) and the Conclusions of Law contained herein.

## FINDINGS OF FACT

1. Respondents have waived (a) Respondents' right to notice and hearing in this matter; (b) Respondents' right to appear and present evidence in this matter; (c) Respondents' right to appeal this Order; and (d) all other procedural rights granted to the Respondents by The Securities Act, TEX. REV. CIV. STAT. ANN. art. 581-1 et seq. (Vernon 1964 & Supp. 2010)("Texas Securities Act"), and the Administrative Procedure Act, TEX. GOV'T CODE ANN. § 2001.001 et seq. (Vernon 2008 & Supp. 2010)("Administrative Procedure Act").

2. Alfaro Oil & Gas, LLC ("Respondent AOG") maintains a last known address at 21022 Gathering Oak, Suite 2101, San Antonio, Texas 78260.

3. Pinnacle Partners Financial Corporation ("Respondent Pinnacle") maintains a last known address at 21022 Gathering Oak, Suite 2103, San Antonio, Texas 78260. On or about July 13, 2007, Respondent Pinnacle registered with the Securities Commissioner as a dealer. This registration was withdrawn on March 3, 2011 by Respondent Pinnacle.

4. Brian Keith Alfaro ("Respondent Alfaro") maintains a last known business address at 21022 Gathering Oak, Suite 2103, San Antonio, Texas 78260. On or about July 13, 2007, Respondent Alfaro registered with the Securities Commissioner as an agent of Respondent Pinnacle. This registration was withdrawn on March 3, 2011 by Respondent Alfaro. Respondent Alfaro is the Manager of Respondent AOG and is the President of Respondent Pinnacle.

5. Respondent AOG is the Managing Venturer for oil and gas drilling programs. Some of the programs include: Normanna North Prospect; SW Redfish Reef 3-D Prospect; Pangaea 3-D Prospect; East Wharton 3-D Prospect; Denali 3-D Prospect; and Victoria Secret 3-D Prospect ("Victoria Secret").

6. The cost of one interest in the Victoria Secret program was $88,888. Pursuant to the offering terms, for each full interest: $29,188 was due upon execution of the subscription agreement; $48,500 was due "upon drilling and testing"; and $11,200 for completion costs. The Managing Venturer, Respondent AOG, could call for the drilling and testing costs and completion costs.

7. During the period from in or about November 2008 through in or about June 2009, the operator in the Victoria Secret program informed Respondent AOG and Respondent Alfaro that the operator did not plan on drilling the well related to the Victoria Secret program, anytime in the near future.

8. Nonetheless, from in or about March 2009 through in or about June 2009, Respondent AOG called for additional funds from investors in the Victoria Secret program. Respondents represented that these additional funds were to be used for drilling and testing expenses. As of September 15, 2010, the well related to the Victoria Secret program had not been drilled.

9. After the investors submitted their funds purported to be for drilling and testing expenses, the funds were deposited into Victoria Secret's escrow account. Thereafter, Respondent AOG and Respondent Alfaro utilized the funds for personal and business expenses unrelated to drilling and testing in connection with the Victoria Secret program.

10. As a result of the use of funds by Respondent AOG and Respondent Alfaro, the funds available for drilling and testing expenses in connection with the Victoria Secret program were insufficient. To that end, Respondent Alfaro admitted that funds from investors in other programs unrelated to Victoria Secret might be used to satisfy any potential drilling and testing costs associated with Victoria Secret.

### French Town Program

11. The French Town 2-H Barnett Shale Prospect ("French Town"), is an oil and gas drilling program formed "to engage primarily in the business of drilling, owning, and operating one hydrocarbon well…and, if successful, the production of hydrocarbons". Respondent AOG is also the Managing Venturer of French Town.

12. Respondents offered investments in the French Town program to investors in Texas. Potential investors in the French Town program were told that they would receive a percentage of working and net revenue interests in the prospect well.

13. In connection with the offer for sale of investments in the French Town program, Respondents provided an offering memorandum dated July 23, 2010 (the "Offering Memorandum") to potential investors.

14. The Offering Memorandum stated that Respondent AOG would act as the Managing Venturer. Accordingly, management of the operations and other business of French Town were delegated to Respondent AOG.

15. In connection with the offer for sale of the investments in the French Town program, Respondents intentionally failed to disclose one or more of the following material facts:

   a. During a period when Respondent AOG and Respondent Alfaro knew that drilling in connection with the Victoria Secret program was not imminent, Respondent AOG required investors in the Victoria Secret program to provide additional funds for drilling and testing expenses;

   b. After collecting funds purported to be for drilling and testing in connection with the Victoria Secret program, Respondent AOG and Respondent Alfaro diverted the funds to uses unrelated to the Victoria Secret program;

c. Funds raised in connection with the sale of investments in the French Town program could be used to fund drilling and testing expenses for the Victoria Secret program if that program did not have funds sufficient for drilling and testing expenses.

16. The Emergency Order remained in full force and effect against Respondents from the date of its entry to the date of this Order.

17. By executing this order, and upon its entry by the Securities Commissioner, Respondents agree that all claims in this matter are withdrawn and removed from controversy, the Hearing Request is withdrawn and may not be appealed, and the Honorable Administrative Law Judge may dismiss this matter from its docket pursuant to Section 155.503(c)(1) of the SOAH Rules of Procedure.

## CONCLUSIONS OF LAW

1. The investments in the French Town program are "securities" as that term is defined by Section 4.A of the Texas Securities Act.

2. Respondents engaged in fraud in connection with the offer for sale of securities.

3. Pursuant to Section 23.A of the Texas Securities Act, the foregoing findings and conclusions of law constitute bases for the issuance of an order requiring Respondents to cease and desist from engaging in fraud in connection with the offer for sale of securities.

## ORDER

1. It is therefore ORDERED that Respondents immediately CEASE AND DESIST from engaging in any fraud in connection with the offer for sale of any security in Texas.

2. It is further ORDERED that the Emergency Order is superseded by this Order.

SIGNED AND ENTERED by the Securities Commissioner this 25th day of March, 2011.

Securities Commissioner

Respondents:

Alfaro Oil & Gas, LLC

*[signature]*
By: Brian Keith Alfaro, Managing Member

Pinnacle Partners Financial Corporation

*[signature]*
By: Brian Keith Alfaro, President

*[signature]*
Brian Keith Alfaro, Individually


Approved as to Form:

*[signature]*
Ronak V. Patel
Director
Inspections and Compliance Division

*[signature]*
Craig Ongley, Esq.
Attorney for Respondents

## ACKNOWLEDGMENT

On the 22 day of _March_, 2011, Alfaro Oil & Gas, LLC ("Respondent AOG"), by and through its Manager, Brian Keith Alfaro, appeared before me, executed the foregoing Order, and acknowledged that:

1. Brian Keith Alfaro is duly authorized to enter into the foregoing Order on behalf of Respondent AOG;

2. Brian Keith Alfaro has read the foregoing Order;

3. Respondent AOG has been fully advised of its rights under the Texas Securities Act and the Administrative Procedure Act;

4. Respondent AOG knowingly and voluntarily consents to the entry of the foregoing Order and the Findings of Fact and Conclusions of Law contained therein; and

5. Respondent AOG, by consenting to the entry of the foregoing Order, has knowingly and voluntarily waived its rights as set forth therein.

Notary Public in and for
The State of Texas

[affix notary seal here]

My commission expires on: _____

PATSY CHANSLEY
Notary Public
STATE OF TEXAS
My Comm. Exp. 06-03-2014

## ACKNOWLEDGMENT

On the 22 day of MARCH, 2011, Pinnacle Partners Financial Corporation ("Respondent Pinnacle"), by and through its President, Brian Keith Alfaro, appeared before me, executed the foregoing Order, and acknowledged that:

1. Brian Keith Alfaro is duly authorized to enter into the foregoing Order on behalf of Respondent Pinnacle;

2. Brian Keith Alfaro has read the foregoing Order;

3. Respondent Pinnacle has been fully advised of its rights under the Texas Securities Act and the Administrative Procedure Act;

4. Respondent Pinnacle knowingly and voluntarily consents to the entry of the foregoing Order and the Findings of Fact and Conclusions of Law contained therein; and

5. Respondent Pinnacle, by consenting to the entry of the foregoing Order, has knowingly and voluntarily waived its rights as set forth therein.

*[signature: Brian Alfaro]*

*[signature: Catherine E Becker]*
Notary Public in and for
The State of Texas

My commission expires on: 4/22/2012

[Notary seal: CATHERINE BECKER, Notary Public, STATE OF TEXAS, My Comm Exp. 04-22-2012]

## ACKNOWLEDGMENT

On the 22 day of March, 2011, Brian Keith Alfaro ("Respondent Alfaro") personally appeared before me, executed the foregoing Order, and acknowledged that:

1. Respondent Alfaro has read the foregoing Order;

2. Respondent Alfaro has been fully advised of his rights under the Texas Securities Act and the Administrative Procedure Act;

3. Respondent Alfaro knowingly and voluntarily consents to the entry of the foregoing Order and the Findings of Fact and Conclusions of Law contained therein; and

4. Respondent Alfaro, by consenting to the entry of the foregoing Order, has knowingly and voluntarily waived his rights as set forth therein.

[affix notary seal here]

Notary Public in and for
The State of Texas

My commission expires on:

PATSY CHANSLEY
Notary Public
STATE OF TEXAS
My Comm. Exp. 06-03-2014